IN THE UNTIED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
_____
ERICK SANCHEZ, et al.        )
                             )
        Plaintiffs,          )
                             )
   v.                        )   Civil Action No.: 1:18-CV-1218 (RMC)
                             )
APCO WORLDWIDE, LLC          )
                             )
        Defendant.           )
_____)
```

**JOINT LCvR 16.3(d) REPORT**

Plaintiffs Erick Sanchez, Carson Sieving, and Stephanie Ruby and Defendant APCO Worldwide, LLC, through counsel, hereby submit the following Joint Report in accordance with Local Rule 16.3(d).

**Case Summary**

Plaintiffs contend that this action arises out of an agreement between Plaintiffs and APCO for the planning and promotion of two social events for the benefit of an APCO client which was breached following APCO's cancelation of the events and subsequent refusal to acknowledge the agreement.

Defendants contend in the first instance that a contract did not exist between the parties, and therefore no breach occurred. Alternatively, if a contract is deemed to have existed, Plaintiffs committed a prior breach of the contract through their failure to perform, relieving APCO of any obligations under the contract and resulting in significant damages to APCO, as set forth in APCO's counterclaims.

## Matters Discussed by the Parties

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Response**: Plaintiffs have filed a motion to dismiss Defendant's counterclaims, and APCO filed an opposition to that motion.  However, both parties do not recommend delaying discovery or other matters until after the motion is ruled on.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response:** The parties do not believe there are any additional parties to be joined. APCO requests that Plaintiffs describe with more particularity the contract it relies upon for their claim and basis for damages.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Response:** The parties do not believe the matter should be assigned to a magistrate judge.

4. Whether there is a realistic possibility of settling the case.

**Response:** The parties have discussed on several prior occasions regarding settlement and have been unable to reach an agreement.

5. Whether the case could benefit from the Court's alternative dispute resolution procedures.

**Response:** Both parties contend that the case would not benefit from such procedures at this point in time.

6. Whether the case can be resolved by summary judgment or motion to dismiss: dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Response:** APCO intends to seek summary judgment on both Plaintiffs' complaint and APCO's counterclaims at the appropriate time.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what, if any, changes should be made in the scope, form or timing of those disclosures.

**Response:** The parties are working on narrowing the scope of these disclosures in regards to individuals to be identified.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response:** The parties anticipate approximately 6-8 months for fact discovery followed by 2 months for expert discovery. The parties will also seek a protective order to protect commercially sensitive information. The parties suggest a trial date after May 2019.

9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**Response:** The parties are working to narrow the scope of relevant witnesses and depositions. The parties are making arrangements to exchange electronically stored information in a manner and format that is most convenient and usable.

10. Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

**Response:** The parties anticipate including a claw back agreement as part of the protective order to address any inadvertent disclosure of privileged material.

11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

**Response:** The parties have agreed that Plaintiffs will serve any expert report within 20 days after the close of fact discovery with responsive reports to follow from APCO. The parties anticipate expert depositions to follow the exchange of reports.

12. Item 12 involves class actions and is not applicable to the instant matter.

13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.

**Response:** Bifurcation is not needed for the instant matter.

14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response:** The parties believe it would be proper for the date of the pretrial conference to be determined by the court following close of expert discovery.

15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response:** The parties believe it would be proper for the date of the pretrial conference to be determined by the court following close of expert discovery, but with a trial date being set no earlier than May 2019.

16. Such other matters that the parties believe may be appropriate for the inclusion in a scheduling order.

**Response:** None.

Dated: August 29, 2018                        Respectfully submitted,

CHAP PETERSEN & ASSOCIATES, PLC               DICKINSON WRIGHT PLLC

By  /s/ J. Chapman Petersen                   By  /s/ Seth B. Waxman

J. Chapman Petersen                           Seth B. Waxman
Chap Petersen & Associates, PLC               Dickinson Wright PLLC
3970 Chain Bridge Road                        1825 Eye Street, NW, Suite 900
Fairfax, VA 22030                             Washington, D.C. 20006
571.459.2512                                  202.466.5956
571.459.2307                                  844.670.6009
jcp@petersenfirm.com                          swaxman@dickinson-wright.com
*Counsel for Plaintiffs*                      *Counsel for Defendant*

Certificate of Service

I certify that on the 29th day of August 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of such filing (NEF) to the following counsel of record:

Seth B. Waxman
Dickinson Wright PLLC
1825 Eye Street, NW, Suite 900
Washington, D.C. 20006
*Counsel for Defendant*

.       /s/ J. Chapman Petersen       .
J. Chapman Petersen